# EXHIBIT A

## Case Information

CV06-20-0583 | Ben Elkington Plaintiff, vs. Deseret Mutual Benefit Administrators Insurance Defendant.

Case Number
CV06-20-0583

File Date
04/14/2020

Court
Bingham County District Court

Case Type
AA- All Initial District Court Filings (Not E, F, and H1)

Judicial Officer
Simpson, Darren B.

Case Status
Active - Pending

## Party

Plaintiff
Elkington, Ben E

DOB
XX/XX/1962

Active Attorneys ▼
Lead Attorney
Beck, Robert Kelly
Retained

Defendant
Deseret Mutual Benefit Administrators Insurance

## Events and Hearings

04/14/2020 New Case - District Civil

04/14/2020 Civil Case Information Sheet ▼

| | |
|---|---|
| Comment | - Plaintiff |

04/14/2020 Complaint Filed

04/14/2020 Summons Issued

04/14/2020 Motion ▾

| | |
|---|---|
| Comment | for Out of State Service |

04/14/2020 Affidavit in Support of Motion ▾

| | |
|---|---|
| Comment | for Out of State Service |

04/14/2020 Order ▾

| Judicial Officer | Comment |
|---|---|
| Simpson, Darren B. | for Out of State Service |

04/14/2020 Summons ▾

Unserved

## Financial

Elkington, Ben E

| | | | |
|---|---|---|---|
| | Total Financial Assessment | | $221.00 |
| | Total Payments and Credits | | $221.00 |
| 4/14/2020 | Transaction Assessment | | $221.00 |
| 4/14/2020 | EFile Payment | Receipt # 04396-2020-R06   Elkington, Ben E | ($221.00) |

Electronically Filed
4/14/2020 8:44 AM
Seventh Judicial District, Bingham County
Pamela W. Eckhardt, Clerk of the Court
By: Brandee Cammack, Deputy Clerk

Robert K. Beck, Esq., ISB No. 2780
Robert K. Beck & Associates, P.C.
3456 East 17th Street, Suite 215
Idaho Falls, Idaho 83404
EMAIL: jlbecklaw@ida.net
Telephone: (208) 524-2664
Facsimile: (208) 524-2707

Date: 6/2/20  Time: 11:22
Allen Robins, Deputy
Private Investigator
Statewide Process Servers #A103345
PO Box 845 West Jordan UT 84084  801-809-4133

Counsel for Plaintiff

Judge: Simpson, Darren B.

IN THE SEVENTH JUDICIAL DISTRICT, COUNTY OF BINGHAM
IN AND FOR THE STATE OF IDAHO

| | |
|---|---|
| BEN ELKINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>DESERET MUTUAL BENEFIT ADMINISTRATORS INSURANCE COMPANY and JOHN DOES I-IV,<br><br>Defendants. | Case No: CV06-20-0583<br><br>SUMMONS |

**NOTICE:** YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

**TO:** **Deseret Mutual Appels Coordinator**
**Disability Claims**
**179 Social Hall #100**
**Salt Lake City, UT  84111-1542**

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 20 days after service of this

Summons on you. If you fail to so respond, the court may enter judgment against you as demanded by the plaintiffs in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10 (a) (1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this _____4/14/2020_____

Pamela W. Eckhardt
CLERK OF THE DISTRICT COURT

By ___Brandee Cammack___
Deputy

[Seal: SEVENTH JUDICIAL DISTRICT COURT, STATE OF IDAHO, BINGHAM COUNTY]

Electronically Filed
4/14/2020 8:44 AM
Seventh Judicial District, Bingham County
Pamela W. Eckhardt, Clerk of the Court
By: Brandee Cammack, Deputy Clerk

Robert K. Beck, Esq., ISB No. 2780
Robert K. Beck & Associates, P.C.
3456 East 17th Street, Suite 215
Idaho Falls, Idaho 83404
EMAIL: jlbecklaw@ida.net
Telephone: (208) 524-2664
Facsimile: (208) 524-2707

Judge: Simpson, Darren B.

Counsel for Plaintiff

## IN THE SEVENTH JUDICIAL DISTRICT, COUNTY OF BINGHAM
## IN AND FOR THE STATE OF IDAHO

| | |
|---|---|
| BEN ELKINGTON, | Case No: CV06-20-0583 |
| Plaintiff, | |
| vs. | COMPLAINT |
| DESERET MUTUAL BENEFIT ADMINISTRATORS INSURANCE COMPANY and JOHN DOES I-IV, | Fee Category: A1<br>Filing Fee: $221.00 |
| Defendants. | |

COMES NOW the plaintiff, and for his cause of action against the defendants, says and alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. The Plaintiff, Ben Elkington (hereinafter "Mr. Elkington" or "plaintiff"), is and was a resident of Firth, ID, which is in Bingham County, ID.

2. The Defendant, Deseret Mutual Benefit Administrators Insurance Company (hereinafter "DMBA" or "defendant"), is and was a corporation with a place of business in Salt

Complaint                                                                                           Page 1

Lake City, UT which is located in Salt Lake County, UT. Because DMBA sought pecuniary benefit in Idaho, the Idaho Long Arm Statute (I.C. § 5-514 §(a)) applies, thus jurisdiction in Idaho is proper. Also, ERISA Law (Employee Retirement Income Security Act) allows a plaintiff to bring a suit in state court via 29 U.S.C. § 1132 (e) if brought by seeking relief according to the remedies listed under 29 U.S.C. § 1132 (a)(1)(B) (i.e. seeking for benefits owed to the plaintiff under the plan provisions).

3. The defendants, John Does I through IV, are persons or entities who may have some legal responsibility to the plaintiff as a result of the claims alleged herewith, but whose identities the Plaintiff is unaware of at this time.

## GENERAL STATEMENT OF FACTS

4. Plaintiff was enrolled in an ERISA plan which was provided by defendant DMBA.

5. Plaintiff became disabled and suffered lost wages which amounted to a claim for long-term disability benefits under defendant's ERISA plan.

6. Plaintiff timely applied for such benefits, making sure to abide by all of the policy provisions as set forth by the ERISA plan.

7. Defendant initially approved of plaintiff's initial application for benefits, and six months of payments ensued. But at the six-month review, which was required by the plan provisions, plaintiff was denied any further long-term disability payments, citing that plaintiff's injuries didn't amount to a total disability.

8. Plaintiff then exhausted the administrative appeals process as contained in the ERISA plan. Defendant ultimately denied all of plaintiff's appeals. Defendant selected a series

of medical reports and vocational exams that seemed to build a narrative that plaintiff avers is incorrect and mis-representative of the facts.

9. By letter dated February 5, 2020, defendant informed plaintiff that his final appeal resulted in a denial of benefits. This letter further states in particular "you have completed the final step in the internal appeals process," and that if plaintiff decided to pursue a civil action under ERISA, the door was now open for a period of two years.

10. Plaintiff believes he is entitled to long-term disability payments under the ERISA plan offered by defendant, and that the denial was improper. Thus, he brings this suit.

## COUNT ONE

## CAUSE TO BRING A CIVIL ACTION UNDER 29 U.S.C. § 1132 (a)(1)(B)

11. Plaintiff re-alleges and incorporates the contents of the preceding paragraphs herein.

12. Under ERISA Law, specifically 29 U.S.C. § 1132 (a)(1)(B), a person who is enrolled in an ERISA plan may bring a civil action to recover benefits payable to them under the terms of the plan.

13. Plaintiff exhausted all administrative remedies, including two appeals, under the provisions of defendant's ERISA plan.

14. Plaintiff believes he was incorrectly denied long-term disability benefits thereunder. Plaintiff therefore seeks such benefits in an amount to be determined at trial.

## COUNT TWO

## BREACH OF CONTRACT

15. Plaintiff re-alleges and incorporates the contents of the preceding paragraphs herein.

16. It is an undisputed fact that plaintiff and defendant are parties to a contract, specifically the ERISA plan.

17. Defendant materially breached the contract when it incorrectly denied long-term disability benefits to the plaintiff herein. Long-term disability benefits are an essential item to the contract, not an ancillary contract provision. The denial of benefits represents a material breach of the ERISA plan.

18. Plaintiff has suffered loss of benefits as a result of the wrongful denial of the long-term disability payments, inclusive of health insurance benefits, retirement benefits, and other employee savings-plan benefits.

## COUNT THREE

## CLAIM FOR STATUTORY ATTORNEY FEES UNDER 29 U.S.C. § 1132 (g)(1) AND OTHER CAUSES OF ACTION

19. Plaintiff re-alleges and incorporates the contents of the preceding paragraphs herein.

20. ERISA law contains a provision for the award of attorney's fees and costs (29 U.S.C. § 1132 (g)(1)). Plaintiff hereby makes a claim for such.

21. Plaintiff retains the right to amend this complaint, if needed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment on behalf of Plaintiff and against the Defendants as follows:

A. As to all Counts: damages inclusive of special, general and consequential, in an amount not less than the jurisdictional limits of the District Court in Bingham County.

B. reasonable attorney fees;

C. costs of prosecuting and presenting the evidence of this case;

D. interest;

E. for such other and further relief as the Court deems just and proper.

DATED this 13th day of April, 2020.

ROBERT K. BECK AND ASSOCIATES, P.C.

Robert K. Beck