Ryan B. Frazier (ISB No. 6201)
 rfrazier@kmclaw.com
Christopher S. Hill (admitted pro hac vice)
 chill@kmclaw.com
KIRTON McCONKIE
Kirton McConkie Building
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, UT 84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Attorneys for Defendant
Deseret Mutual Benefit Administrators

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| BEN ELKINGTON,<br><br>Plaintiff,<br><br>v.<br><br>DESERET MUTUAL BENEFIT ADMINISTRATORS INSURANCE COMPANY and JOHN DOES I-IV,<br><br>Defendants. | **DEFENDANT DESERET MUTUAL BENEFIT ADMINISTRATORS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 4:20-CV-00317-crk<br><br>Judge Claire R. Kelly |

**DEFENDANT DESERRET MUTUAL BENEFIT ADMINISTRATORS
MOTION FOR SUMMARY JUDGMENT**

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule Civ. 7.1, the defendant Deseret Mutual Benefit Administrators ("DMBA"), through counsel, hereby moves for summary judgment in its favor and against the plaintiff Ben Elkington ("Elkington") on each of Elkington's claims and respectfully requests the entry of judgment dismissing this lawsuit as a matter of law.

DMBA is in the business of administering benefits for various organizations and their employee participants in the benefit plan, collectively referred to and administered as the "Deseret Healthcare Employee Benefits Plan" (the "Plan"). DMBA is the claims administrator responsible for determining eligibility for benefits under the Plan, and therefore payments to participants. Elkington is a former employee participant in the Plan.

The Plan benefits include a disability benefit, the denial of which is the basis for Elkington's claim against DMBA in this lawsuit. The Plan conveys discretionary authority to DMBA to adjudicate claims for disability benefits, and, therefore, the abuse of discretion standard of review applies to the Court's consideration of Elkington's claim against DMBA.

Elkington's Complaint denominates three claims against DMBA. In his first cause of action, he seeks relief pursuant to Sections 1132(a)(1)(B) of Title 29 of the United States Code, commonly known as the Employment Retirement Income Security Act of 1974 ("ERISA"). This claim seeks to recover Plan benefits that Elkington contends were incorrectly denied. In his second claim for relief, Elkington seeks to recover for those same denied benefits on a breach of contract claim theory of relief. The third claim sees statutory attorneys' fees under ERISA.

Determination of each of the three claims comes down to one issue: Whether DMBA properly denied Elkington's claim for continued disability benefits based on the express terms of the Plan and substantial evidence in the administrative record. Under the abuse of discretion standard of review, as this Court is well aware, the Court can neither decide whether the claim determination was correct, nor substitute its judgment for DMBA's judgment as the Plan's claim administrator. The focus of the Court's review is instead on the appropriate exercise of discretion by DMBA in its disability claim determination.

In this case, Elkington did suffer from a disabling condition as defined in the Plan for a preliminary period of time. However, the substantial evidence in the administrative record shows that Elkington's condition did not qualify as a disability as defined under the Plan for continued benefits after six months. The administrative record indicates that DMBA thoroughly reviewed the evidence concerning Elkington's claim to continued disability under the Plan, and reached a reasonable and supported claim determination to deny continued disability benefits. As part of its administration, DMBA referred Elkington's medical records for review by two separate independent physicians, whose reports corroborate DMBA's determination. DMBA reasonably determined that Elkington failed to meet the eligibility requirements for continued disability benefits under the Plan. DMBA's denial of continued eligibility determination was proper and should be upheld by this Court. The Court should enter judgment in favor of DMBA affirming DMBA's determination that Elkington was not entitled to continued disability benefits under the Plan and dismissing each of Elkington's claims. Therefore, DMBA's motion for summary judgment should be granted.

DATED this 16th day of February, 2021.

**DEFENDANT DESERET MUTUAL BENEFIT ADMINISTRATORS'**
**MOTION FOR SUMMARY JUDGMENT - 2**

KIRTON McCONKIE, PC


By: /s/ *Ryan B. Frazier*
    Ryan B. Frazier
    *Attorneys for Defendant Deseret Mutual*
    *Benefit Administrators Insurance Company*

**DEFENDANT DESERET MUTUAL BENEFIT ADMINISTRATORS'**
**MOTION FOR SUMMARY JUDGMENT - 3**

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2021, a true and correct copy of the foregoing **DEFENDANT DESERET MUTUAL BENEFIT ADMINISTRATORS' MOTION FOR SUMMARY JUDGMENT** was served on the following by the method indicated below:

Robert K. Beck  
ROBERT K. BECK & ASSOCIATES  
3456 East 17th Street, Suite 215  
Idaho Falls, ID 83404

( ) U.S. Mail, Postage Prepaid  
( ) Hand Delivered  
( ) Overnight Mail  
( ) Facsimile  
(X) E-filer/E-mail

*/s/D'Mia Lamar*  
D'Mia Lamar